UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOEL MELECIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 05 C 3599 |
| ) | |
| KIA MOTORS CORPORATION, a foreign ) | |
| corporation; and KIA MOTORS AMERICA, ) | |
| INC., a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on Defendants', Kia Motors Corporation's ("KMC") and Kia Motors America, Inc. ("KMA") (collectively "Kia"), motion to dismiss Count III of Plaintiff's, Noel Melecio ("Melecio"), complaint alleging violation of 815 ILCS 505/2 of the Illinois Consumer Fraud Act ("ICFA"). For the reasons set forth below, the motion is granted.

## BACKGROUND

Melecio is a resident of Illinois. KMC is a foreign corporation incorporated in Seoul, South Korea and is in the business of designing, manufacturing, and distributing Kia automobiles. KMA, a subsidiary of KMC, is a corporation incorporated in

California and registered to do business in Illinois. KMA is primarily responsible for advertising, marketing, selling, and distributing the Kia automobiles in the United States.

The Sorento EX ("Sorento") is an automobile model that KMC designed, manufactured, and distributed in the United States. The Sorento has a 6 airbag safety system ("system") intended to deploy in the event of an accident. The system was designed to recognize when an accident has occurred and respond by deploying airbags through sensors strategically placed on the Sorento. Melecio alleges that KMA assisted KMC in the design of the Sorento.

Melecio purchased a Sorento. On June 23, 2003, he was involved in a serious car accident in his Sorento and, as a result, sustained serious injuries. In that accident, due to alleged defects, the Sorento's airbags did not deploy. Specifically, Melecio contends that the sensors that activate the airbags were inappropriately placed making it so that they did not sense when such a collision occurred, and therefore did not deploy the airbags. He asserts that the Sorento was therefore unsafe.

Melecio alleges that the Sorento was marketed and advertised, and thereby represented, as a "safe vehicle." He asserts that Kia specifically relied upon and pointed out the system when that representation was made. Melecio contends that the representation was false due to the aforementioned alleged defects in the system.

On June 20, 2005, Melecio filed this suit alleging that Defendants: 1) are strictly liable for the Sorento's defects; 2) were negligent in designing, manufacturing and distributing the Sorento; and 3) violated the ICFA. Defendants now bring the instant motion to dismiss Count III of Melecio's complaint: violation of the ICFA.

## LEGAL STANDARDS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir.1989). In ruling on a motion to dismiss, a court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). Further, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.1992). With these principles in mind, we turn to the instant motion.

**DISCUSSION**

To state an ICFA claim, Melecio must prove "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." Oliveira v. Amoco Oil Co., 201 Ill.2d 134, 149, 776 N.E.2d 151, 160 (Ill. 2002). Essentially, Melecio claims Kia violated the ICFA by omitting, concealing, and suppressing the material fact that the system was defective and thereby misrepresented the condition of the Sorento. Defendants argue that count III should be dismissed because Melecio fails to plead the elements of fraud with particularity under Fed. R. Civ. P 9(b) and consequently fails to state a cause of action under rule 12(b)(6).

First, there is a dispute as to the pleading standard that governs ICFA causes of action. Kia contends that Rule 9(b), which requires fraud claims be pled with particularity, is appropriate. Melecio submits, without providing any law in support thereof, that Rule 9(b), as it applies to fraud claims, only applies to common law fraud claims. Therefore, he contends that the Fed. R. Civ. P. 8(a) notice pleading standard is appropriate for ICFA claims. Our research and review of the relevant law reveals that plaintiffs claiming ICFA violations are required to satisfy the Rule 9(b) pleading standards. See Ermon v. Grand Auto Sales, Inc., 351 F. Supp.2d 825, 827 (N.D. Ill.

2004); Jiang v. Allstate Ins. Co., 199 F.R.D. 267, 272 (N.D. Ill. 2001); Endo v. Albertine, 812 F. Supp. 1479, 1495 (N.D. Ill. 1993).

Pursuant to Fed. R. Civ. P. 9(b), a plaintiff must plead his statutory fraud claim with particularity. Daniels v. Bursey, 313 F. Supp.2d 790, 801 (N.D. Ill. 2004). Rule 9(b) requires that the circumstances of the fraud be plead in detail. Thus, plaintiff must plead "the who, what, when, where, and how." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). Kia asserts that Melecio has failed to meet any of these requirements. Melecio pleads that Defendants represented the Sorento as being a "safe vehicle." It is undecided whether that alone is enough to plead the "what" required under Rule 9(b); however, we decline to address that issue because Melecio's Complaint fails to meet any of the other pleading requirements pleadings. Consequently, Melecio fails to allege sufficient facts with the particularity required by Rule 9(b) to set forth the essential elements of an ICFA cause of action.

## CONCLUSION

Because Count III of Melecio's complaint, as it stands, fails to adequately plead an ICFA claim, Defendants' motion is granted. Count III is therefore dismissed without prejudice.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
Dated: __November 9, 2005__    United States District Court